IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 07-cv-01882-RPM

DESIREE EREMONDI,
PATTY JOHNSON,
JAMES KLODZINSKI,
PATRICIA MCCLELLAND,
LAURA TILLEY and
JANE WILEY,

    Plaintiffs,

v.

PUEBLO CITY-COUNTY LIBRARY DISTRICT,
JON WALKER,
NICHOLAS GRADISAR,
JOYCE VIGIL,
SEAN TAPIA, and
FRANCES TERRAZAS-ALEXANDER,

    Defendants.

---

## ORDER GRANTING SUMMARY JUDGMENT

---

Seeking a remedy pursuant to 42 U.S.C. § 1983, the plaintiffs claim that the defendants violated the First Amendment to the United States Constitution, applicable to them under the Fourteenth Amendment, by attempting to compel a retraction to part of the contents of a letter published in a local newspaper and taking disciplinary action against the plaintiffs when they refused. The defendants moved for summary judgment of dismissal. From the filed papers and the oral argument at the hearing on February 10, 2010, the following factual summary is undisputed.

In June, 2005, all of the plaintiffs were employees of the defendant, Pueblo City-County Library District (District). The defendant Jon Walker was Executive Director of the District and defendants Joyce Vigil, Sean Tapia and Frances Terrazas-Alexander were members of a seven member Board of Trustees ("Board") governing the District.

The plaintiffs were among those advocating for organizing a union for the District's employees. That issue was a matter of public interest in the community. The Board retained Dawn Kruger of Peak Surveys to conduct a survey of the employees to collect opinions on questions the Board considered to be relevant to the union organizing issue. The survey questionnaire was distributed to the District's employees and the completed forms were collected on July 5, 2005. The results were mailed to the Board members on July 11, 2005, and reported publicly at the Board's regularly conducted monthly meeting on July 28, 2005. Ms. Kruger appeared at that meeting to discuss the survey results. In response to a question from the Board's president, Joyce Vigil, Ms. Kruger said that the survey did not ask the employees whether they wanted a union to represent them. Question 2 on the form provided four multiple choice responses to the question, "Please tell us what you feel [sic] the best approach to resolving work-pace issues." One of those choices was "collective bargaining through a union."

The Board decided against submitting the issue of organizing a union to the employees at an election.

On September 4, 2005, the Pueblo Chieftain, a newspaper of general circulation, published a letter criticizing the Board's actions and signed by all of the plaintiffs, identifying themselves as the "Library Union Organizing Committee." That letter contained the following paragraph concerning the survey form:

> Even though it purported to determine whether or not the staff wanted a union, the word "union" did not appear as a choice anywhere on this multiple choice survey. . . . In the survey results disseminated by the board, a blank survey form is included in the back. This survey form does not match the survey that staff members actually filled out. In this bogus survey, the word "union" is in some of the choices. This doctoring of the survey is a grave indictment.

Exhibit A to Complaint.

Jon Walker considered the allegations of that paragraph to be false. At his request, Dawn Kruger wrote a letter, dated September 6, 2005, saying that the survey form in her report was the

same as that distributed to the employees. Mr. Walker and Ms. Vigil discussed the appropriateness of a demand for a retraction of what was thought to be false in the published letter.

Mr. Walker consulted Nicholas Gradisar, a private attorney serving as counsel for the District, concerning the legality of that action. Mr. Gradisar gave his approval after some research on the First Amendment. Mr. Gradisar drafted a letter for Mr. Walker's signature.

On September 8, 2005, Mr. Gradisar met with Mr. Walker in his office. Ms. Vigil, Ms. Tapia and Ms Terrazas-Alexander were present. The draft letter prepared by Mr. Gradisar was discussed along with a form letter for the plaintiffs to sign. Later that day, Mr. Walker and Mr. Gradisar met with each of the plaintiffs and gave them the two letters drafted by Mr. Gradisar. Copies of the demand for retraction letter (Ex. R) and the retraction form letter (Ex. S) are attached. Both letters are specific as to the parts of the published letter that Mr. Walker asserted to be false.

Upon the failure of the plaintiffs to comply with the demand, a letter of admonition (Ex. T) containing the following paragraph as placed in the plaintiffs' personnel files:

> You are hereby admonished and warned that your publication of false statements and information regarding the Pueblo City-County Library District falls far short of the standard and expectations the District has of its employees. Any further violations where you make false statements or publish false information regarding the Library District will result in immediate disciplinary action which may include termination of your employment with the District.

No other disciplinary action has been taken against any of the plaintiffs. All but two of them remain employed by the District.

The Chieftain letter was an expression of opinion on a matter of public concern and the plaintiffs' publication of it is protected by the First Amendment. The defendants deny such protection, contending that false statements are not protected. The falsity of the statements may be debated. The plaintiffs have asserted that some of them received survey forms which did not contain the word "union" but no such form has been produced.

3

It is not necessary to determine any issue of falsity because the evidence is clear that both Jon Walker and Nicholas Gradisar reasonably believed that the statements they asked to be recanted were false. That reasonable belief entitles them to qualified immunity from any liability for infringing the constitutional protections afforded to the plaintiffs.

Jon Walker relied on the advice of counsel and did not in any way mislead Mr. Gradisar concerning the facts relied on by him in drafting the letters. Mr. Gradisar's opinion was a reasonable interpretation of the applicable law.

Jon Walker's actions in this matter were within the authority granted to him by the Board. No official Board action was required and there is no showing that Board policy was involved. There is no showing of personal participation by the Board member defendants in the decision to demand retractions beyond their awareness that the letters had been prepared and would be delivered to the employees. If they are to be considered to have approved or ratified that action, they are also protected by qualified immunity.

Upon the foregoing, it is

ORDERED that the defendants' motions for summary judgment [Docs. 86, 87, 88, & 89] are granted and the Clerk will enter judgment for the defendants, dismissing this civil action and awarding statutory costs.

DATED: February 19, 2010

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

September 8, 2005

Ms. Laura Tilley
Pueblo City-County Library District
100 E. Abriendo Ave.
Pueblo, CO 81004

Dear Ms. Tilley:

On September 4, 2005, a letter signed by you was published in the *Pueblo Chieftain*. That letter contains serious factual misrepresentations that have adversely affected the Pueblo City-County Library District.

First, the letter alleged that the word "union" did not appear in the survey instrument distributed to employees. This is false. The word "union" appears at least seven (7) times in the survey instrument, including, offering as a choice in question 2, as the best approach to resolving workplace issues "collective bargaining through a union."

Second, the letter asserted as a fact that the survey form included in the report was different than the form distributed and filled out by staff members. Your letter referred to the survey as a "bogus blank survey" and, the assertion was made that the survey form was "doctored." Attached hereto is a letter from Dawn Kruger from Peak Surveys stating that the survey form attached to the report is the exact survey given to and completed by the employees.

As an employee of the Pueblo City-County Library District, you are free to express your opinion on matters of public interest. Here, you and your co-signers have asserted as fact, false information. The publication of that false information has adversely affected the operation of the Pueblo City-County Library District.

Therefore, the Pueblo City-County Library District and its Board of Directors demand an immediate retraction of the false information published under your signature. If, and in the event, that a retraction in substantially, the form attached hereto is not received by the Executive Director not later than 5:00 p.m. on the 12th day of September, 2005, disciplinary action may be taken against you, up to and including the termination of your employment. Any further dissemination or publication of false information concerning the Pueblo City-County Library District by you will result in immediate disciplinary action.

Very truly yours,

PUEBLO CITY-COUNTY LIBRARY DISTRICT

Jon Walker
Executive Director



100 East Abriendo Avenue
Pueblo, CO 81004-4232

(719) 562-5600
Fax (719) 562-5610

www.pueblolibrary.org

Jon Walker
Executive Director

Rawlings Public Library
Barkman Branch
Lamb Branch
White Branch

Community Satellites:
Avondale Elementary
Beulah School
Colorado City Community Ctr.
Hyde Park Community Center
North Mesa Elementary
Risley Middle School
Rye Elementary
Vineland Elementary
South Mesa Elementary


DEFENDANT'S EXHIBIT

DEPOSITION EXHIBIT 7

## RETRACTION

On September 4, 2005, a Letter to the Editor was published in the *Pueblo Chieftain* over my signature. That letter erroneously stated that the survey distributed to the employees of the Pueblo City-County Library District did not contain the word "union" as a choice for the employees completing the survey.

My assertion in that letter was wrong, since the word "union" appears at least seven (7) times in the document. The letter also claimed that the survey form attached to the report was different than the survey distributed to and completed by the employees. It was also claimed that the survey had been "doctored." Both of these assertions were wrong.

I regret the factual errors contained in the letter and hereby retract those assertions.

_____     _____
Laura Tilley                                 Date

